# IN THE COURT OF APPEALS OF IOWA

No. 16-1811
Filed February 8, 2017

**IN THE INTEREST OF H.S.-T.,**
**Minor child,**

**B.T., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan C. Cox, District Associate Judge.

A father appeals the juvenile court's termination of his parental rights. **AFFIRMED.**

Joseph P. Vogel of Vogel Law, P.L.L.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Magdalena B. Reese of Cooper, Goedicke, Reimer & Reese Law, West Des Moines, guardian ad litem for minor child.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Brian, the father, appeals from an order terminating his parental rights in his child, H.S.-T. The juvenile court terminated the father's rights pursuant to Iowa Code section 232.116(1)(d), (f), and (g) (2016). Brian contends on appeal the State failed to prove the grounds for termination by clear and convincing evidence and that termination of his parental rights was not in the child's best interests.

The standard of review and controlling framework are well-established and need not be repeated herein. *See, e.g., In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step analysis"); *In re D.W.*, 791 N.W.2d 703, 706–07 (Iowa 2010) (same). The State must prove its case by clear and convincing evidence. *See* Iowa Code § 232.116(1)-(2); *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012); *In re K.F.*, 437 N.W.2d 559, 560 (Iowa 1989). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d at 774.

H.S.-T. was born in 2007. In 2011, H.S.-T. and her older sibling S.G. were removed from Brian and H.S.-T.'s mother's care after the Iowa Department of Human Services (IDHS) founded reports of physical abuse and neglect by Brian and H.S.-T.'s mother against S.G. Brian's parental rights in S.G. were terminated in 2012. Shortly after Brian's rights in S.G. were terminated, IDHS determined Brian had sexually abused S.G. Brian did not appeal this determination. H.S.-T. was returned to her mother's care, but IDHS told the

mother Brian could only have supervised visitation of H.S.-T. and the mother could not be the supervisor of these visits. Brian and the mother have since divorced. In 2014, IDHS investigated allegations the mother physically abused H.S.-T and learned that Brian was living with the mother in violation of the court order prohibiting Brian from having unsupervised contact with the child. H.S.-T. was subsequently adjudicated a child in need of assistance and removed from the mother's care. The State eventually sought to terminate both parents' rights. The mother consented to the termination of her parental rights. Brian contested the State's action.

The juvenile court terminated Brian's rights based on Iowa Code section 232.116(1)(d), (f), and (g). Iowa Code section 232.116 provides the court may terminate parental rights on any of the grounds listed therein. Section 232.116 (1)(d) states parental rights may be terminated if:

> The court finds that both of the following have occurred:
> (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as a result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
> (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

Parental rights may be terminated under section 232.116(1)(f) when:

> The court finds that all of the following have occurred:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or

for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Finally, under section 232.116(1)(g), parental rights may be terminated by the court if:

The court finds all of the following have occurred:

(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.

(3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.

(4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

Brian argues the State failed to prove the statutory grounds for termination and that termination is not in the best interests of H.S.-T. *See* Iowa Code § 232.116(2); *M.W.*, 876 N.W.2d at 224 ("Once we have established that at least one ground for termination under section 232.116(1) exists, the next step of our analysis is to evaluate whether the termination of parental rights would be in the best interest of the child under section 232.116(2)."). Brian contends he "was set up to fail" by IDHS. Brian argues he has steady employment, housing, has had appropriate and continued visitation with H.S.-T, and has been participating in therapy as requested by IDHS. Brian contends he has "engag[ed] fully with all the services offered and provided by [I]DHS and [has been] doing so for a period in excess of two years," but despite this engagement, IDHS was never going to reunite him with his child. Brian contends because he has meaningfully engaged

in the services offered by IDHS and changed his life, the circumstances that led to the adjudication no longer exist and there is no risk of adjudicatory harm to H.S.-T. if the child were returned to his care. *Cf.* Iowa Code § 232.116(1)(d)(2), (f)(4). Brian believes he can continue to nurture his relationship with H.S.-T. if provided additional services by IDHS, including visitation and other treatment services. *Cf.* Iowa Code § 232.116(1)(g)(3). Additionally, he argues that because he has changed his life, it is in the best interests of H.S.-T. to return to his care. *See* Iowa Code § 232.116(2); *M.W.*, 876 N.W.2d at 224.

We disagree. On de novo review we find the State proved the grounds for termination by clear and convincing evidence. Despite his contentions that he has fully complied with the services offered by IDHS, Brian has failed to address the sexual abuse of S.G. in therapy and made clear at the termination hearing and in his petition to this court he does not believe he should. Although Brian contends he should not have to make "some sort of *mea culpa* or confessional atonement in therapy" to be reunited with H.S.-T., "the requirement that [Brian] acknowledge and recognize the abuse before any meaningful change can occur is essential in meeting the child's needs." *In re H.R.K.*, 433 N.W.2d 46, 50 (Iowa Ct. App. 1988) (finding no due process violation in requiring a parent to acknowledge and recognize the abuse in sexual-abuse treatment even where there is no criminal conviction); *see In re D.D.*, No. 12-0936, 2012 WL 2819409, at *2 (Iowa Ct. App. July 11, 2012) (stating it was "essential in meeting these children's needs" that the mother recognize and acknowledge the abuse because "[m]eaningful change [could not] occur without this recognition" and "services [were] not likely to be effective"); *In re T.I.*, No. 10-0426, 2010 WL 2089503, at

*2–3 (Iowa Ct. App. May 26, 2010) (affirming finding of clear and convincing evidence to support termination where parent failed to acknowledge or recognize the abuse or how it had affected children); *In re K.S.*, 512 N.W.2d 817, 820 (Iowa Ct. App. 1993) (declining to return child to mother where mother still denied culpability for abuse).

Brian has not fully participated in the services provided to him by IDHS and as such H.S.-T. cannot be returned to his care because the risk of adjudicatory harm posed to the child still exists. *See* Iowa Code § 232.116(1)(f)(4); *see also* Iowa Code § 232.2(6)(d) (listing sexual abuse among adjudicatory harms). Although Brian contends IDHS "provided no pathway for [Brian] to reunite with the child," an IDHS social worker stated at the termination hearing IDHS could have reunited father and child if Brian had addressed and worked on the sexual-abuse issue in therapy.

H.S.-T. should not have to wait endlessly until her father takes responsibility and addresses the issues that led to the State's action. "Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). It is not in the best interests of the child to return to a parent who refuses to address IDHS's primary concerns. *See In re H.R.K.*, 433 N.W.2d at 50. "[W]hen a parent is incapable of changing to allow the child to return home, termination is necessary." *In re T.T.*, 541 N.W.2d 552, 557 (Iowa Ct. App. 1995).

The juvenile court's termination of Brian's parental rights is therefore affirmed.

**AFFIRMED.**